**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| PRENTICE WILLIAMS, | No.    18-15231 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-01597-JJT |
| v. | |
| CITY OF TEMPE; LUKE TRADER, Officer, # 19340, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

Submitted May 21, 2019**

Before:    THOMAS, Chief Judge, LEAVY and FRIEDLAND, Circuit Judges.

Prentice Williams appeals pro se from the district court's post-judgment

orders in his 42 U.S.C § 1983 action alleging federal claims in connection with a

traffic stop and citations.  We have jurisdiction under 28 U.S.C. § 1291.  We

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

review for an abuse of discretion a civil contempt order, and for clear error the underlying factual findings. *FTC v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999). We affirm.

The district court did not abuse its discretion by finding Williams in contempt because Williams failed to show that he was unable to comply with the district court's sanctions order. *See id.* at 1239 (setting forth standard for finding a party in civil contempt).

The district court did not abuse its discretion by denying Williams's motions for reconsideration under Federal Rule of Civil Procedure 60(b) because Williams failed to set forth any basis for relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and factors for reconsideration under Rule 60(b)).

We do not consider the district court's judgment dismissing Williams's action entered on May 11, 2017 or any of the pre-judgment orders because the notice of appeal is untimely as to these filings. *See* Fed. R. App. P. 4(a)(4)(A) (a motion under Rule 60(b) extends the time to file an appeal if the motion is filed no later than 28 days after judgment is entered); *Hamer v. Neighborhood Hous. Servs.*, 138 S. Ct. 13, 17-18 (2017) (a time limit not prescribed by Congress is a mandatory claim-processing rule and if properly invoked, mandatory claim-processing rules must be enforced); *Demaree v. Pederson*, 887 F.3d 870, 876 (9th

Cir. 2018) (Fed. R. App. P. 4(a)(4) is a mandatory claim-processing rule under *Hamer*).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**